1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE HAHN LEGAL GROUP<sup>APC</sup>**
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
ADAM C. ZAMOST, SBN 305655
azamost@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant, Cross-Complainant and Defendant-in-Intervention,
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JASON BEVINGTON, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Corporation; EASTVALE GATEWAY II, LLC, a Limited Liability Company and DOES 1 TO 50, Inclusive<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS | CASE NO:  5:19-cv-02471 TJH (SPx)<br><br>The Hon. Judge Terry J. Hatter, Jr.<br>Magistrate Judge: Sheri Pym_<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[NOTE CHANGES MADE BY THE COURT TO PARAGRAPHS 1, 3, 4, 10, 11, 14] |

TO: THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IT IS **HEREBY STIPULATED AND AGREED,** by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

/ / /

THE HAHN LEGAL GROUP ᴬᴾᶜ
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

1.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of

such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.     The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

3.     Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.  Any use of Confidential Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Material at trial.

4.     Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached to the Stipulation filed at docket item no. 21) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

STIPULATED PROTECTIVE ORDER
3

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

1    5.      Only counsel of record in this Lawsuit shall be permitted to disseminate

2   Confidential Material. Upon dissemination of any Confidential Material, each non-

3   designating counsel of record in this Lawsuit shall maintain a written record as to:

4   (1) the identity of any person given Confidential Material, and (2) the identity of the

5   Confidential Material so disseminated (such as by "Bates stamp" number). Such

6   record shall be made available to the designating party upon request.

7    6.      If additional persons become parties to this Lawsuit, they shall not have

8   access to any Confidential Material until they execute and file with the Court their

9   written agreement to be bound by the terms of this Order.

10    7.      In the event that any question is asked at a deposition that calls for the

11   disclosure of Confidential Material, the witness shall answer such question (unless

12   otherwise instructed not to do so on grounds of privilege) provided that the only

13   persons in attendance at the deposition are persons who are qualified to receive such

14   information pursuant this Order. Deposition testimony may be designated as

15   confidential following the testimony having been given provided that: (1) such

16   testimony is identified and designated on the record at the deposition, or (2) non-

17   designating counsel is notified of the designation in writing within thirty days after

18   receipt by the designating party of the respective deposition transcript. All deposition

19   transcripts in their entirety shall be treated in the interim as "Confidential" pursuant

20   to paragraph 2 above. When Confidential Material is incorporated in a deposition

21   transcript, the party designating such information confidential shall make

22   arrangements with the court reporter not to disclose any information except in

23   accordance with the terms of this Order.

24    8.      If a deponent refuses to execute a Confidentiality Agreement,

25   disclosure of Confidential Material during the deposition shall not constitute a

26   waiver of confidentiality. Under such circumstances, the witness shall sign the

27

28

**THE HAHN LEGAL GROUP ᴬᴾᶜ**
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

1    original deposition transcript in the presence of the court reporter and no copy of the

2    transcript or exhibits shall be given to the deponent.

3    　　9.    With respect to any communications to the Court, including any

4    pleadings, motions or other papers, all documents containing Confidential Material

5    shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the

6    papers – or the confidential portion thereof – under seal, and shall be communicated

7    to the Court in a sealed envelope or other appropriate sealed container on which shall

8    be written the caption of this Lawsuit, an indication of the nature of the contents of

9    the sealed envelope or container, and the words **"CONFIDENTIAL**

10   **INFORMATION SUBJECT TO PROTECTIVE ORDER."** All communications

11   shall indicate clearly which portions are designated to be "Confidential."

12   　　10.    If a non-designating party is subpoenaed or ordered to produce

13   Confidential Material by another court or administrative agency, such party shall

14   promptly notify the designating party of the pending subpoena or order and shall not

15   produce any Confidential Material until the designating party has had reasonable

16   time to object or otherwise take appropriate steps to protect such Confidential

17   Material.   Nothing in these provisions should be construed as authorizing or

18   encouraging a party in this action to disobey a lawful directive from another court.

19   　　11.    If a party believes that any Confidential Material does not contain

20   confidential information, it may contest the applicability of this Order to such

21   information by notifying the designating party's counsel in writing and identifying

22   the information contested. The parties shall have thirty days after such notice to meet

23   and confer and attempt to resolve the issue. If the dispute is not resolved within such

24   period, the party seeking the protection shall have thirty days in which to make a

25   motion for a protective order with respect to contested information, in compliance

26   with Local Rule 37. Information that is subject to a dispute as to whether it is

27

28

properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12.    Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13.    This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14.    When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to all counsel of record.

15.    Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

16.    After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

**IT IS SO STIPULATED:**

DATED: January 18, 2021      **CARPENTER, ZUCKERMAN & ROWLEY, LLP**

By: /s/ *Sark Ohanian*
SARK OHANIAN,
Attorneys for Plaintiff JASON
BEVINGTON

DATED: January 18, 2021      **THE HAHN LEGAL GROUP<sup>APC</sup>**

By: _____
ADRIENNE R. HAHN,
Attorneys for Defendant, Cross-
Complainant, and Complainant-In-
Intervention,
TARGET CORPORATION

DATED: January 18, 2021      **GOLDMAN, MAGDALIN & KRIKES, LLP**

By: /s/ *Jeffrey Soll*
JEFFREY M. SOLL,
Attorneys for Plaintiff-In-Intervention,
SWIFT TRANSPORTATION CO., INC.

THE HAHN LEGAL GROUP <sup>APC</sup>
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

**IT IS ORDERED:**

Dated: January 21, 2021          By: _____

FEDERAL MAGISTRATE JUDGE

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440